UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DIXON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHANIE CLENDENIN, et al.<br><br>　　　　Defendants. | No.  1:24-cv-0763 GSA (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 2) |

　　　　Plaintiff, a civil detainee proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Because Plaintiff has stated that he is a civil detainee, the Ninth Circuit has determined that he is not a prisoner as defined by 28 U.S.C. § 1915(h) and 42 U.S.C. § 1997e(h). See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) (holding only individuals who at time of filing action are detained as result of being accused of, convicted of or sentenced for criminal offenses are "prisoners" within the meaning of 42 U.S.C. § 1997e and 28 U.S.C. § 1915). Therefore, he is not

////

subject to the mandate in the Prison Litigation Reform Act that requires the payment of administrative fees by prisoners.

In addition, as a civil detainee, Plaintiff is not required to have exhausted all administrative remedies prior to filing this action. Page, 201 F.3d at 1140 (holding PLRA requirements regarding provision of trust account statements or exhaustion of available remedies does not apply to civil detainee). However, should it be determined at a later date that Plaintiff is not in fact a civil detainee, the Court shall issue an order that requires Plaintiff to pay the fees, and the continued review of this action will be contingent upon whether Plaintiff had in fact exhausted his administrative remedies prior to filing this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED, and

2. As a civil detainee, plaintiff shall not be required to pay the standard administrative filing fees in order to proceed with this action. See 28 U.S.C. § 1915(h) and 42 U.S.C. § 1997e(h); see also Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

IT IS SO ORDERED.

Dated: **November 14, 2024**           /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE

2